UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL WEST, )
)
Petitioner, )
vs. ) Case No. 1:12-cv-1766-SEB-DKL
)
KEITH BUTTS, )
)
Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I. The Habeas Petition**

**Background**

Michael West was convicted in Marion County of the murder of Carla Hollen and the robbery of the service station where both Hollen and West worked. West is now serving sentences of life imprisonment without parole for felony murder and a consecutive 20-year sentence for robbery as a Class B felony. His conviction was affirmed on appeal in *West v. State*, 755 N.E.2d 173 (Ind. 2001) (*West I*). The trial court's denial of West's action for post-conviction relief was affirmed on appeal in *West v. State*, 968 N.E.2d 342 (Ind.Ct.App. May 10, 2012). The Indiana Supreme Court denied transfer from *West II* on July 26, 2012. A full account of the facts is set forth in *West I*. 755 N.E.2d at 177–78. They are included in this Entry as needed.

West now seeks a writ of habeas corpus. His claim is that he was denied the effective assistance of counsel at the penalty phase of his trial. Although another claim is asserted—that being that newly discovered evidence renders his convictions and sentence "unreliable"—this is

not a claim cognizable in habeas corpus and thus will not be addressed further. *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)("To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'") (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

### Applicable Law

A state prisoner seeking a writ of habeas corpus bears the burden of demonstrating that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 28 U.S.C. § 2241(c)(3), *et seq.,* govern this case because West filed his petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

> The AEDPA provides:
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

West's argument here focuses solely on the "unreasonable application" prong of § 2254(d)(1). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *See Brown v. Payton,* 544 U.S. 133, 141 (2005); *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir.

2013)("A decision involves an "unreasonable application" of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case.")(citing *Williams v. Taylor,* 529 U.S. 362, 407 (2000)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004)(citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

**Discussion**

The Sixth Amendment guarantees a criminal accused the right to assistance of counsel, and Athe right to counsel is the right to the effective assistance of counsel.@ *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). This guarantee exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984).

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. "To prevail on an ineffective-assistance[-]of-counsel claim under *Strickland,* a petitioner must demonstrate that his counsel's assistance was objectively unreasonable and resulted in a substantial risk of prejudice." *Brown v. Finnan,* 598 F.3d 416, 419 (7th Cir. 2010).

Deficient performance is "measured against an objective standard of reasonableness, under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (citations omitted). In making this determination, the court considers "the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct . . . ." *United States v. Lindsey,* 157 F.3d 532, 534–35 (7th Cir. 1998); *see also Hough v. Anderson,* 272 F.3d 878, 891 (7th Cir. 2001) (holding that the court must consider the totality of the evidence before

the judge). There is a strong presumption that "any decisions by counsel fall within a wide range of reasonable trial strategies." *United States v. Lindsey,* 157 F.3d at 534–35. Proving that counsel's deficient performance actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004), *citing Strickland,* 466 U.S. at 694.

The foregoing outlines the straightforward features of *Strickland*'s two-prong test. In the context of a case such as West presents, however, AEDPA raises the bar. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

When the AEDPA standard is applied to a *Strickland* claim, therefore, the following calculus emerges:

> The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable--a substantially higher threshold. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009)(internal citations and quotations omitted).

With respect to West's specific argument, the Indiana Court of Appeals reviewed the evidence West had presented in the post-conviction relief proceeding. "The main thrust of the evidence was that West was predisposed to become an addict and that addiction impairs normal thinking patterns. In light of this evidence, West argued that trial counsel was ineffective for

failing to sufficiently investigate West's addiction to crack cocaine, including his genetic predisposition toward addiction, as a possible mitigating factor in preparation for the penalty phase of West's trial." *West II,* at *9. The Indiana Court of Appeals found that defense counsel had conducted a sufficient investigation of possible mitigating circumstances and that, "[r]ather than develop West's substance abuse as a possible mitigating factor, defense counsel made a strategic decision to downplay West's substance abuse and pursue another course. Specifically, in light of the brutality of the murder and evidence indicating another man not matching West's description (possibly Taylor) was present at the service station at the time of the murder, defense counsel chose to pursue a theory of 'residual doubt.'" *West II,* at *10. The Indiana Court of Appeals then explained that counsel's "explanation of his penalty phase strategy is amply supported by the trial record. During the guilt phase of the trial, the jury was instructed on accomplice liability based on the State's theory that Taylor may also have been involved in the robbery and murder. During the penalty phase, Crawford carefully laid out a possible scenario in which West was guilty of murder only as an accomplice, and that Taylor was the actual killer." *Id.* "Indeed, trial counsel could reasonably have concluded that presenting additional evidence of West's drug addiction to the jury would have supported the State's theory that West committed the murder in order to obtain money to purchase crack cocaine, and thereby undermined West's argument that he was not the actual killer." *Id.* at *11.

The Indiana Court of Appeals endorsed the trial court's *Strickland* analysis and then explained: "Under these facts and circumstances, it is clear that West's trial counsel investigated possible mitigating circumstances before making a reasonable strategic decision to argue that West was not the actual killer instead of presenting evidence of West's drug addiction as a mitigating circumstance." *West II,* at *11. As the foregoing shows, the Indiana Court of Appeals

"took the constitutional standard seriously and produced an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," West's claim of ineffective assistance of counsel does not support the award of habeas corpus relief. *Murrell v. Frank,* 332 F.3d 1102, 1111-12 (7th Cir. 2003)(citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

## Conclusion

Federal habeas relief is barred for any claim adjudicated on the merits in state court "unless one of the exceptions listed in 28 U.S.C. § 2254(d) obtains." *Premo v. Moore,* 131 S. Ct. 733, 739 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington,* 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In short, the standard of § 2254(d) is "difficult to meet . . . because it was meant to be." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013) (internal quotation marks omitted); *see also Cavazos v. Smith,* 132 S. Ct. 2, 7–8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). West's habeas petition does not present such a situation and that petition is therefore **denied.** West's renewed request for the appointment of counsel is **denied**. Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the court finds that West has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court

therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: __01/23/2014__

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael West
#995573
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Rd.
New Castle, IN  47362

Electronically Registered Counsel